UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

GABRIEL ELIAS CAICEDO AROCA

Defendant.

---

10-CR-400-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On June 30, 2010, Gabriel Elias Caicedo-Aroca pled guilty to the lesser included offense within Count One of a two-count indictment. Count One charged that defendant did knowingly and intentionally import heroin into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3).

Caicedo-Aroca was sentenced on January 18, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 22 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 41 and 51 months. The calculation of the total offense level included a 4-point reduction for role in the offense, based on defendant's minimal participation as a courier; a 2-point safety valve reduction because defendant provided a full and truthful statement regarding his participation in the offense; and a 3-point reduction for acceptance of responsibility. The guidelines range of fine was from $7,500 to $1,000,000.

Caicedo-Aroca was sentenced to one year and one day incarceration and five years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant is 28 years of age and has no history of any criminal involvement or activity prior to the instant incident. Caicedo-Aroca was born in Ecuador. From 1998 to 2008, he lived in the United States with his mother and step-father. He attended high school, earned a General Education Development diploma, and worked consistently from 2003 to 2009, when he returned to his native country to open a cellular telephone business. He has no history of drug or alcohol abuse and maintains a close relationship with his family.

Caicedo- Aroca committed the instant offense under substantial pressure from international narcotics traffickers. Early in 2010, local Ecuadorian police seized all the merchandise from defendant's cellular phone store in Guayaquil, claiming that it was stolen. With all his inventory wiped out, Caicedo-Aroca obtained a loan of $10,000 in United States currency from a local man, Elliot, who was known to provide loans to persons who could not otherwise obtain them. When the defendant fell behind on his loan payments, Elliot told Caicedo-Aroca to pay off the debt by acting as a courier for drugs. When the defendant refused, Elliot proceeded to threaten him and his family in Ecuador and the United States, and informed the defendant that he had no choice but to cooperate. Caicedo-Aroca did not go to local authorities based on his belief that they were involved with narcotics trafficking and would not assist him, a belief which is supported by the affidavit of Philip Alston, former Special Rapporteur of the United Nations Human Rights Council and visited Ecuador in July 2010. On May 2, 2010, Caicedo-Aroca reluctantly agreed to carry the drugs after Elliot arrived at his

3

house, ordered him to pack a suitcase of clothes, and transported him to the Guayaquil airport. There he gave the defendant specific directions on how to proceed, which involved trading his suitcase for one containing narcotics inside the Guayaquil airport. He was stopped by Customs and Border Protection and arrested at JFK airport in New York for attempting to import 9,969 grams of heroin into the country.

Caicedo-Aroca had no part in acquiring the heroin or planning the offense. After arrest, he cooperated fully with investigators. Following his arrest, threats against his family have continued.

A sentence of one year and one day reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in international narcotics trafficking will result in a substantial term of incarceration. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to reenter the United States. It is unlikely that he will engage in further criminal activity in light of his work history and his remorse for his actions and their repercussions on his family.

Jack B. Weinstein
Senior United States District Judge

Dated: January 19, 2011
Brooklyn, New York

4